## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NOVITAZ, INC.,<br>    a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INMARKET MEDIA, LLC.<br>    a Delaware Corporation,<br><br>Defendant. | Civil Action No. _____<br><br><br>JURY TRIAL DEMAND |

## **COMPLAINT AND JURY DEMAND**

Plaintiff, NOVITAZ, INC., alleges upon information and belief, as follows:

### **THE PARTIES**

1. Plaintiff, Novitaz, Inc., is a Delaware corporation, having its principal place of business in California and having an office at 320 Tonopah Drive, Fremont, CA 94538.

2. Upon information and belief, Defendant, inMarket Media, LLC, is a Delaware corporation, having its principal place of business in California and having an office at 1350 Abbot Kinney Boulevard, Suite 203, Venice, California, 90219.

3. This action has arisen under the patent laws of the United States, Title 35 United States Code, Section 271 *et seq*.

4. Jurisdiction of this action arises under 28 U.S.C. § 1338(a). Venue is predicated under 28 U.S.C. § 1391(c).

# COUNT I

1. On June 14, 2011, United States Patent Number 8,229,787 (hereinafter "'787 Patent") entitled "Customer Relationship Management System for Physical Locations" was duly and regularly issued. A copy of the '787 Patent is attached hereto as Exhibit "A".

2. Plaintiff is the owner of the '787 Patent.

3. Upon information and belief, Defendant has directly or contributorily infringed or induced the infringement of the claims of the '787 Patent by having made, used or sold customer relationship management systems through its Epicurious application, CheckPoints application, and through other applications using inMarket's Software Development Kit ("SDK") that duly embody the invention as claimed herein; such infringement was willful and deliberate.

4. The '787 Patent relates, generally, to an improved method of customer relationship management in a physical environment.

5. The '787 Patent discloses methods for detecting a customer's presence in a business establishment, storing a plurality of tracked events that the customer engages in while in the business establishment, and determining a marketing message for the customer based on the tracked events.

6. An improvement provided by the '787 Patent is enabling more personalized service for a customer upon entry and throughout the customer's visit to a business establishment. The '787 Patented invention enables targeted marketing and sales promotions (up-sell/cross-sell) for individual customers.

7. Defendant's inMarket mobile platform enables Defendant's customers to provide improved in-store marketing and customer engagement.

8. On information and belief, Defendant markets its mobile platform under the name

"Mobile to Mortar."

9. Defendant markets its services as allowing brands to "Reach shoppers in-store when it matters most and drive measured lifts in purchase as high as 20x." *See* http://www.inmarket.com/ (last visited February 16, 2016).

10. Defendant makes, uses, sells, and offers for sale the app CheckPoints.

11. Defendant makes, uses, sells, and offers for sale the inMarket Proximity SDK.

12. CheckPoints users register when using the CheckPoints app.  This registration process includes providing an email address to InMarket.

13. InMarket stores the user's CheckPoints registration information.

14. CheckPoints detect the user's physical presence in a physical establishment.

15. InMarket provides beacons to be used in supported physical establishments for enabling CheckPoints (and other supported apps) to detect a user's physical location within an establishment.

16. CheckPoints provides marketing messages to its users.

17. InMarket stores a plurality of tracked customer events within a physical establishment.

18. CheckPoints infringes certain claims of the '787 Patent.

19. InMarket's Proximity SDK infringes certain claims of the '787 Patent.

20. Plaintiff has been damaged by the acts of infringement complained of herein.

21. Plaintiff has no adequate remedy without intervention of this Court.

22. This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. An injunction be granted preliminarily and permanently restraining Defendant and all those in privity with it from further infringement of Plaintiff's '787 Patents.

B. Defendant be required to account to Plaintiff for the damages recoverable by Plaintiff under 35 U.S.C. § 284 as a result of the wrongful making, using, and selling of Plaintiff's inventions as claimed in the '787 Patent, the exact extent of which cannot now be determined by Plaintiff, and that all of such damages be trebled.

C. Plaintiff be awarded reasonable attorney fees;

D. Plaintiff be allowed its costs; and

E. Such other and further relief be granted to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury.

Date: March 7, 2016

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack, ct29409
GrayRobinson, P.A.
401 E. Jackson Street
Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (facsimile)
woodrow.pollack@gray-robinson.com

*Counsel for Plaintiff*