UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NOVITAZ, INC., <br>       Plaintiff, <br> v. <br> INMARKET MEDIA, LLC, <br>       Defendant. | Case No. 16-cv-06795-EJD <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** <br><br> Re: Dkt. No. 19 |

Plaintiff Novitaz, Inc. ("Novitaz") brings the instant patent infringement suit against Defendant inMarket Media, LLC ("inMarket"). Presently before the Court is inMarket's motion to dismiss the complaint for failure to state a claim. Pursuant to Civil Local Rule 7-1(b), the Court finds the instant motion suitable for decision without oral argument and hereby VACATES the hearing set for August 10, 2017 at 09:00 A.M. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART with leave to amend.

**I.  BACKGROUND**

On March 7, 2016, Notivaz filed a complaint against inMarket in the District of Connecticut, alleging direct, indirect, and willful infringement of U.S. Patent No. 8,229,787 (the "'787 patent"). Dkt. No. 1. It amended its complaint on March 14, 2016. Dkt. No. 13 ("Amended Complaint").

On June 7, 2016, inMarket responded by filing the instant motion to dismiss. Dkt. No. 19 ("Mot."). The next day, inMarket moved to transfer the case. Dkt. No. 21. On November 18, 2016, the District of Connecticut court granted inMarket's motion to transfer, and the case was

transferred to this district. Dkt. No. 33. The motion to dismiss is still pending.

## II. LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must be construed in the light most favorable to the non-moving party, and all material allegations in the complaint are taken as true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). This rule does not apply to legal conclusions: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While a complaint does not need detailed factual allegations to survive a 12(b)(6) motion, the plaintiff must provide grounds demonstrating its entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, the plaintiff must allege sufficient factual allegations "to raise a right to relief above the speculative level." *Id*. Under the Supreme Court's decisions in *Twombly* and *Iqbal*, this threshold requires that the complaint contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Until December 1, 2015, the Federal Circuit recognized that, for allegations of direct patent infringement, it was sufficient to comply with the standard set by Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure, rather than that articulated in *Twombly* and *Iqbal*. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333–35 (Fed. Cir. 2012). Form 18 only required: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Id*. The Form 18 standard "d[id] not require a plaintiff to plead facts establishing that each element of an asserted claim is met" nor "even identify which claims it asserts are being infringed." *Id*.

However, effective December 1, 2015, the Federal Rules of Civil Procedure were amended to abrogate Rule 84, which provided that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." This abrogated the

2

1 Appendix of Forms, including Form 18. Since this change, the majority of district courts have

2 assessed the sufficiency of claims for direct patent infringement under the standard set forth in

3 *Twombly* and *Iqbal*. *See, e.g.*, *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-CV-05790-JST, 2016

4 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) ("the Court concludes that former Form 18 no

5 longer controls and that allegations of direct infringement are now subject to the pleading

6 standards established by *Twombly* and *Iqbal* . . . .") (internal citation and quotation marks

7 omitted); *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469-EDL, 2016 WL 1719545, at

8 *2 (N.D. Cal. Mar. 9, 2016) ("Under the amended rules, allegations of direct infringement are now

9 subject to the pleading standards established by *Twombly* and *Iqbal* . . . ."); *Rembrandt Patent*

10 *Innovations LLC v. Apple Inc.*, No. 14-cv-05094-WHA, 2015 WL 8607390, at *2 (N.D. Cal. Dec.

11 13, 2015) ("Form 18, however, no longer applies."); *Incom Corp. v. The Walt Disney Company*,

12 No. 15-cv-3011-PSG, ECF No. 39, at *3 (C.D. Cal. Feb. 4, 2016) ("Form 18 no longer provides a

13 safe harbor for pleading direct infringement."). At least one court, however, has continued to

14 apply the Form 18 standard after the amendments took effect. *See Hologram USA, Inc. v. Pulse*

15 *Evolution Corp.*, No. 14-cv-0772-GMN-NJK, 2016 WL 199417, at *2 (D. Nev. Jan. 15, 2016).

**III. DISCUSSION**

inMarket challenges the sufficiency of Novitaz's allegations with respect to direct infringement, indirect infringement, and willful infringement. The Court addresses each in turn.

**A. Direct Infringement**

**i. Pleading Standard After the Abrogation of Form 18**

Before turning to the complaint at issue, the Court must address the initial question of what pleading standard governs Novitaz's allegations of direct infringement. As discussed above, the December 1, 2015 amendments to the Federal Rules of Civil Procedure abrogated the Appendix of Forms, including Rule 18. In light of this change, most district courts have found that Form 18 no longer sets the standard for allegations of direct patent infringement, and have instead judged the sufficiency of such pleadings under the standards set forth by *Twombly* and *Iqbal*. *See, e.g.*, *e.Digital*, No. 15-CV-05790-JST, 2016 WL 4427209, at *3; *Atlas IP*, No. 15-CV-05469-EDL, 2016 WL 1719545, at *2; *Rembrandt Patent Innovations*, No. 14-cv-05094-WHA, 2015 WL

3

8607390, at *2.

Here, inMarket suggests that the Court follow this majority approach and assess Novitaz's allegations under *Twombly* and *Iqbal*. Mot. at 7-11. Novitaz disagrees, and argues that compliance with Form 18 is sufficient. Dkt. No. 27 ("Opp.") at 6. The Court agrees with inMarket and the majority of district courts that, in the wake of the abrogation of Form 18, the standards set forth in *Twombly* and *Iqbal* should govern the sufficiency of allegations of direct infringement.[1] It will thus assess Novitaz's complaint under these standards.

### ii. Application of *Twombly* and *Iqbal*

Under *Twombly* and *Iqbal*, a complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). This plausibility requirement "is not akin to a probability requirement." *Id*. Nevertheless, a complaint will fail to state a claim if factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." *Id*. at 679.

How these standards apply to allegations of direct patent infringement in the absence of

---

[1] In addition, the Court is not persuaded that it should follow the alternative approach, such as was applied in *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 14-cv-0772-GMN-NJK, 2016 WL 199417, at *2 (D. Nev. Jan. 15, 2016). Judge Tigar considered the reasoning in *Hologram*, and found it unpersuasive:

> [T[he *Hologram* court relied exclusively on the fact that "the Advisory Committee note associated with [the abrogation of Rule 84 and Form 18] directly states, 'The abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8.'" *Id*. at *2 n.1. . . .
>
> The Court disagrees with this reasoning for two principle reasons. First, it is just as likely, if not more so, that the Advisory Committee used the phrase "existing pleading standards" simply to refer to *Twombly* and its progeny, but not including the exception recognized by *K-Tech*. Indeed, nothing in the Advisory Committee note suggests that it was aware of the *K-Tech* exception to *Twombly*. Second, *K-Tech*'s holding was premised on the fact that "to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleading requirements, the Forms control." 714 F.3d at 1283. Absent Form 18 itself, there is simply no support in the Federal Rules of Civil Procedure for a different pleading standard for direct patent infringement claims.

*e.Digital Corp.*, No. 15-CV-05790-JST, 2016 WL 4427209, at *3. The Court agrees with Judge Tigar's assessment of *Hologram* and likewise declines to follow it.

4

Form 18 is still a developing topic. However, several district courts, in undertaking this task, have determined that a complaint does not satisfy the standards of *Twombly* and *Iqbal* where it does not at least contain factual allegations that the accused product practices every element of at least one exemplary claim. *See, e.g.*, *e.Digital Corp.*, No. 15-CV-05790-JST, 2016 WL 4427209, at *5 (finding FAC failed to state a claim where plaintiff "ha[d] not attempted to map [a] limitation onto any allegations in the FAC" and "based on the Court's own independent review, it cannot discern how the FAC could be said to plausibly allege this limitation"); *Atlas IP*, 2016 WL 1719545, at *2 ("[S]imply reciting some of the elements of a representative claim and then describing generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements, is insufficient."); *Atlas IP, LLC v. Exelon Corp.*, No. 15-cv-10746, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016) ("[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement."). Animating these decisions is the principle that "the failure to meet a single limitation is sufficient to negate infringement of [a] claim." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991).

The Court finds this reasoning persuasive, since, if a complaint does not contain factual allegations that would permit a court to infer that a required element of the patent claim was satisfied, it is hard to see how infringement would be "probable." *Compare, e.g.*, *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1005 (9th Cir. 2010) (affirming dismissal where complaint "d[id] not adequately allege" required elements). Nevertheless, the Court is also not convinced that a formal charting of patent claim elements against each accused product is always necessary. After all, "[d]etermining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, there may be instances where more generalized factual allegations may still be enough for the Court to infer that it is "plausible" that every element of a patent claim is satisfied by an accused product. Accordingly, the Court will focus on the patent claim elements themselves, and assess whether Novitaz has "state[d] a claim to relief [for patent infringement] that is plausible on its face." *Twombly*, 550 U.S. at 570.

5

Here, inMarket argues that Novitaz has failed to state a claim for relief because it has not identified what claims of the patent are at issue or made plausible allegations about how the accused products practice the elements of any claim of the patent. Mot. at 10-11. In particular, inMarket identifies that Novitaz's complaint is devoid of any allegations at least pertaining to the "detecting an interaction of [a] customer with a website . . .," "marketing message," and "detect[ing] a customer interaction with at least one product" elements from the independent claims. *Id*. at 11-14.

Novitaz disagrees, arguing that the factual allegations that it makes about how the accused products work are sufficient to plausibly allege that they directly infringe the claims of the '787 patent. Opp. at 6-8. For example, Novitaz claims that it sufficiently alleged that the products practice the "detecting an interaction of [a] customer with a website . . ." limitation because it alleged that its product is a mobile application, and that users register. *Id*. at 7. Novitaz also argues that it adequately alleged the "marketing message" and "detecting a customer interaction . . ." limitations, citing paragraphs 16, 18-19 and paragraphs 13, 14, 17 of its Amended Complaint, respectively. *Id*. at 7-9.

The Court agrees with inMarket that Novitaz has failed to adequately allege direct infringement. Novitaz's Amended Complaint identifies two products, the "Epicurious application" and "CheckPoints application," as well as the general class of "other applications using inMarket's Software Development Kit ('SDK')," as accused. Dkt. No. 13 ¶ 3. Novitaz's Amended Complaint makes no factual allegations about how the "Epicurious application" or "other applications using inMarket's [SDK]" operate, let alone map this information onto any elements of any of the claims of the '787 patent. Novitaz also does not allege that these products are similar to the "CheckPoints application" or otherwise indicate that its factual allegations with respect to the "CheckPoints application" also apply to these other products. As such, Novitaz fails to state a claim for direct patent infringement with respect to the "Epicurious application" or "other applications using inMarket's [SDK]."

With respect to the "CheckPoints application," Novitaz makes some factual allegations about this product that appear to relate to at least some elements of the claims of the '787 patent.

6

For example, Novitaz alleges that "CheckPoints users register . . . includ[ing] [by] providing an email address" and that "inMarket provides becons . . . to detect a user's physical location." *See* Dkt. No. 13 ¶¶ 12, 15. Novitaz also alleges that inMarket sells a "mobile platform" that "enables [its] customers to provide improved in-store marketing and customer engagement" and inMarket markets this platform to its customers. *See id*. ¶¶ 7, 9. However, a number of critical claim elements are not addressed by Novitaz's factual allegations. For example, as inMarket correctly points out, each of the independent claims requires either "detecting an interaction of the customer with a website" or "detecting a transaction of a customer with a website." *See* '787 patent, col. 23 ll. 22-23, col. 26 ll. 15-16, 43-44, col. 27 ll. 42-43, col. 28 ll. 22-23. However, Novitaz makes no factual allegations about any *websites* that CheckPoints *detects* interaction with. Alleging that CheckPoints is a mobile application and users register (as Novitaz argues, Opp. at 7-8) does not address these aspects. Similarly, as further examples, Novitaz does not make allegations about "a wireless device carried by a customer," "a detected customer interaction with at least one product," or whether any events happen "before a purchase transaction." Further, many of Novitaz's allegations merely parrot claim language, including that "CheckPoints detects the user's physical presence in a physical establishment," "CheckPoints provides marketing messages to its users," and "inMarket stores a plurality of tracked customer events within the physical establishment." *See id*. ¶¶ 14, 16, 17. These are not factual allegations, as the claim language is what Novitaz must show in order to prove infringement. Instead, they are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which "do not suffice." *Iqbal*, 556 U.S. at 678. Given these collective deficiencies, Novitaz has not provided sufficient factual allegations to permit the Court to conclude that it is plausible that the "CheckPoints application" directly infringes any claim of the '787 patent.

For these reasons, the Court finds that Novitaz has failed to state a claim for direct patent infringement. inMarket's motion to dismiss Novitaz's direct infringement claims is GRANTED with leave to amend.

### B. Indirect Infringement

Novitaz has now withdrawn its indirect infringement claims. Opp. at 1 n.2. inMarket's

motion to dismiss Novitaz's indirect infringement claims is accordingly DENIED AS MOOT.

**C. Willful Infringement**

inMarket also challenges Novitaz's allegations of willful infringement. Mot. at 18-20. Novitaz does not respond to these challenges in substance, but appears to argue that it is not required to plead willfulness because "willful infringement . . . is not a separate claim, but rather a factor that the Court may consider in determining whether or not to enhance damages . . . ." Opp. at 1 n.2.

Novitaz is correct that willfulness can be a "factor" of sorts in the Court's determination of whether it should award enhanced damages under 35 U.S.C. § 284. In *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, the Supreme Court clarified that "[s]ection 284 allows district courts to punish the full range of culpable behavior," but noted that "such punishment should generally be reserved for egregious cases typified by willful misconduct." 136 S. Ct. 1923, 1933-34, 195 L. Ed. 2d 278 (2016). Nevertheless, willfulness (should a plaintiff seek to use it as a basis for seeking enhanced damages) is still a factual determination that a court must make, and district courts have continued, post-*Halo*, to treat it as a separate claim that can be subject to a motion to dismiss. *See, e.g.*, *Cont'l Circuits LLC v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 WL 679116, at *11 (D. Ariz. Feb. 21, 2017) (granting motion to dismiss claim for willful infringement); *Bio-Rad Labs. Inc. v. Thermo Fisher Sci. Inc.*, No. CV 16-358-RGA, 2017 WL 438733, at *2 (D. Del. Feb. 1, 2017) (denying motion to dismiss claim for willful infringement); *Nanosys, Inc., et al. v. QD Vision, Inc.*, No. 16-CV-01957-YGR, 2017 WL 35511, at *1 (N.D. Cal. Jan. 4, 2017) (denying motion to dismiss claim for willful infringement). Thus, the Court disagrees with Novitaz that its willfulness claims cannot be the proper subject of a motion to dismiss.

Turning to the sufficiency of Novitaz's willfulness claims, the Court agrees with inMarket that they are deficient. Willfulness turns on the subjective intent of the alleged infringer. *Halo Elecs.*, 136 S. Ct. at 1926 ("A patent infringer's subjective willfulness, whether intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless."). Knowledge remains a key factor in this determination. *See id*. at 1933 ("[C]ulpability is generally measured against the knowledge of the actor at the time of the

challenged conduct."); *see also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."). Here, Novitaz makes no factual allegations regarding inMarket's knowledge or intent to infringe. Accordingly, for at least these reasons, it has not sufficiently alleged willful infringement.

inMarket's motion to dismiss Novitaz's claims of willful infringement is GRANTED with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, inMarket's motion to dismiss with respect to Novitaz's claims of direct infringement and willful infringement is GRANTED with leave to amend. inMarket's motion to dismiss with respect to Novitaz's claims of indirect infringement is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: May 26, 2017

EDWARD J. DAVILA
United States District Judge